### CITY OF MIAMI v. HIDALGO.
#### No. 33617.

Municipal Court of Miami.

September 9, 1959.

Norman Francis Haft, Miami, for defendant.

John G. Thomas, Assistant City Attorney, for the city.

ALBERT S. DUBBIN, Judge.

In connection with the foregoing case, the defendant moved to dismiss the action on the grounds that the defendant was immune to prosecution under the treaty and convention signed at the Sixth International Conference of American States, January 16-February 20, 1928, and admitted in evidence as defendant's exhibit 1.

The ruling on this motion was deferred.

I have decided to rule in favor of the defendant and do herewith hold that pursuant to said treaty the defendant, as Consul General of Cuba on July 4, 1959, is immune from prosecution on the charge of disorderly conduct, for which offense the defendant was tried.

It is apparent from the language of the treaty that it was intended that the word "crime" as used in section II, article 14, be considered in its narrowest sense. (See reservation made by Dominican Republic at time of ratification.)

A treaty should be given a liberal construction in connection with the purpose of the treaty and the intention of the parties. 87 C.J.S., page 939, section 13.

Disorderly conduct is considered, in some states, as being an offense rather than a crime, and in New York and New Jersey it has been held to be neither a misdemeanor nor a felony, although there is law to the contrary. There are no cases on point in Florida.

Although the question is close, it is the court's opinion that close questions of law, as well as close questions of fact, should be resolved in favor of the defendant.

Based upon the foregoing, the cause is dismissed and a judgment to that effect will be entered on the docket sheet.